UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RANDALL LAMONT ROLLE,**

    Plaintiff,

v.                                                                    **Case No: 5:18-cv-18-Oc-30PRL**

**JAMES SHELFER, et al.,**

    Defendants.

## REPORT AND RECOMMENDATION[1]

Mr. Rolle has been a frequent litigator in this District and the Northern District of Florida, filing repeated civil rights actions pursuant to § 1983 against judges, prosecutors, appointed and privately retained attorneys, probation officers, law enforcement officers, and the City of Tallahassee, related to his 2002 state court conviction and subsequent probation violation proceedings. His claims have been repeatedly dismissed as frivolous. *See* e.g., *Rolle v. Glenn,* No. 4:17-cv-134-MW-CAS, (N.D. Fla. March 31, 2017), aff'd, 2017 WL 4708166 (11th Cir. 2017); *Rolle v. Glenn,* No. 5:15-cv-190-Oc-39PRL (M.D. Fla. January 27, 2017), *Rolle v. Raysor*, No. 5:15-cv-180-Oc-30PRL (M.D. Fla. Apr. 14, 2015); *Rolle v. Maceluch*, No. 5:15-cv-191-Oc-30PRL (M.D. Fla. Apr. 21, 2015); *Rolle v. U.S. Marshals Serv.*, No. 5:15-cv-192-Oc22PRL (M.D. Fla. July 20, 2015); *Rolle v. Edwards*, No. 5:15-cv-202-Oc-30PRL (M.D. Fla. Apr. 24, 2015); *Rolle v. Raysor*, No. 5:15-cv-268-Oc-30PRL (M.D. Fla. June 3, 2015); *Rolle v.Edwards*, No. 5:15-

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

cv-271- Oc-34PRL (M.D. Fla. July 22, 2015); *Rolle v. Maceluch et al,* No. 5:15-cv-285-MMH-PRL (October 8, 2015), *Rolle v. Bruce*, No. 5:15-cv-320-Oc-22PRL (M.D. Fla. July 24, 2015), *Rolle v. City of Tallahassee*, et al., No. 5:15-cv-462-JSM-PRL (September 14, 2015); *Rolle v. Dilmore, et al*, No. 4:14-cv-339-RH-CAS (N.D. Fla. July 23, 2014).

Mr. Rolle has been repeatedly cautioned that sanctions would be imposed against him for filing frivolous complaints, and sanctions have been imposed on at least two occasions. In October 2015, he was sanctioned $200.00 in the Middle District of Florida, *see Rolle v. City of Tallahassee, et al.*, No. 5:15-cv-462-JSM-PRL (M.D. Fla. October 8, 2015) (Moody, J.), and in May 2017, he was prospectively banned from filing new cases related to his January 4, 2002 arrest unless he paid the entire filing fee in the Northern District of Florida, *See Rolle v. Dilmore, et al*., No. 4:16-cv-425-RH-GRJ (N.D. Fla. May 23, 2017) (Hinkle, J.).

Undeterred, during the first few weeks of January 2018, Plaintiff filed six new cases in this Court, arising largely out of the same events addressed in previous lawsuits. *See Rolle v. West et al.,* No. 5:18-cv-8-JSM-PRL, *Rolle v. Robinson et al.*, No. 5:18-cv-13-JSM-PRL, *Rolle v. Shelfer et al.,* No. 5:18-cv-18-JSM-PRL, *Rolle v. City of Tallahassee et al.,* No. 5:18-cv-25-JSM-PRL, *Rolle v. City of Tallahassee et al.,* No. 5:18-cv-45-JSM-PRL, *Rolle v. Perry, et al.,* No. 5:18-cv-46-JSM-PRL. Plaintiff has also filed motions to proceed *in forma pauperis.*

## I.    Legal Standards

Before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." *28 U.S.C.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id.* at 640, n. 2. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The bare minimum a plaintiff must set forth in the complaint is found in Fed. R. Civ. P. 8, and explained further in *Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) *and Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While particularity is not required under Fed. R. Civ. P. 8, as it is under Fed. R. Civ. P. 9, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th

Cir. 2004). In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Id.*

## II. Discussion

### A. Plaintiff's claims

In this case, Plaintiff again challenges his 2002 conviction and subsequent probation violation proceedings. He attempts to allege constitutional claims against state court Judges James Shelfer and Martin Fitzpatrick, probation officers Emily Glenn and Sherri West, assistant public defender Lacey Kantor, assistant state attorney John Campbell, and the City of Tallahassee. Claims against these same defendants have previously been dismissed by this Court and the Northern District for failure to state a claim. *See e.g., Rolle v. Womble et al,* 4:17-cv-134-MW-CAS (N.D. Fla. March 31, 2017) (dismissing claims against Lacey Kantor as frivolous because not a state actor; and finding John Campbell and judge James Shelfer immune from suit); *Rolle v. Glenn,* 5:15-cv-190-Oc-39PRL (M.D. Fla. September 14, 2015) (dismissing claims against probation officer Emily Glenn and her supervisor, Thirris West as frivolous).[2]

Moreover, this Court has repeatedly explained that some parties are immune from § 1983 claims based on their official role. *See Wahl v. McIver,* 773 F.2d 1169, 1172–73 (11th Cir.1985) (per curiam) (discussing various types of immunity for those involved in the public litigation process). Specifically, Plaintiff's claims against Judges James Shelfer and Martin Fitzpatrick are barred by judicial immunity. *See e.g., Rolle v. Glenn,* 4:17-cv-134-MW-CAS (N.D. Fla. March 31, 2017); *see also, Wahl,* 773 F.2d at 1172 ("judges are absolutely immune from civil liability 'for their judicial acts, even when such acts rare in excess of their jurisdiction and are alleged to have

---

[2] It is unclear whether Thirris West and Sherri West are the same person. They are both alleged to be Emily Glenn's probation supervisor.

been done maliciously or corruptly.'"). Likewise, his claim against assistant state attorney John Campbell fails because he is entitled to absolute immunity from allegations stemming from his function as an advocate. *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).

Plaintiff's claims against assistant public defender Lacey Kantor also fail. Plaintiff has been advised in prior cases that claims against public defenders for their representation of Plaintiff in his criminal cases cannot go forward because they are not "state actors" for purposes of § 1983 absent a conspiracy with state actors. *See e.g., Rolle v. Glenn*, No. 4:17-cv-134-MW-CAS (N.D. Fla. March 31, 2017); *see also, Wahl,* 773 F.2d at 1173. Here, Plaintiff has failed to allege any plausible facts to support such a conspiracy.

Also insufficient are Plaintiff's claims that probation officer Emily Glenn and her supervisor Sherri West violated his Fourth Amendment rights by submitting false statements and reports that led to his arrest. *See e.g., Rolle v. Glenn, et al.,* No. 5.15-cv-190-BJD-PRL (M.D. Fla. September 14, 2015). According to Plaintiff's allegations, the facts supporting his arrest were put before Judge Fitzpatrick, who then issued an arrest warrant. Only in rare circumstances may an arrest pursuant to a judicially issued warrant amount to a Fourth Amendment violation. Generally, if facts supporting an arrest are presented to an independent intermediary, such as a judge, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party. *Taylor v. Gregg,* 36 F.3d 453, 456 (5th Cir. 1994). Accordingly, Plaintiff's claims against Glenn and West are due to be dismissed.

Finally, Plaintiff's claims against the City of Tallahassee are without merit. *See e.g., Rolle v. City of Tallahassee*, No. 5:15-cv-462-Oc-30PRL (M.D. Fla. September 14, 2015) (dismissing as frivolous claim that City violated his constitutional rights because trial court denied motion to correct illegal sentence). Plaintiff alleges that the City of Tallahassee violated his Fourteenth

Amendment right to due process based on the actions taken by Judges Shelfer and Fitzpatrick and assistant state attorney Campbell in the probation revocation proceedings. Plaintiff has not, and cannot, allege any basis under § 1983 for holding the City liable for the actions of these Judges and assistant state attorney--actions for which they enjoy full immunity.

### B. Sanctions

Plaintiff has repeatedly failed to heed warnings that sanctions may be imposed if he continues to abuse the judicial process by filing frivolous complaints. Indeed, despite the repeated warnings, Plaintiff filed six new lawsuits in January 2018 all related to his 2002 state court conviction and subsequent probation violation proceedings. The filing of frivolous complaints requires the Court to waste valuable judicial resources that could and should be spent on the many other meritorious cases pending before the Court. Plaintiff has filed similar cases over and over despite the Court advising him numerous times of the reasons his claims fail. Plaintiff repeatedly has ignored the Court's orders and continues to consume the Court's limited resources with frivolous complaints.

When "'the number, content, frequency, and disposition' of a litigant's filings show an especially abusive pattern, aimed at taking advantage of the IFP privilege," the court may deny IFP status prospectively. *See Hurt v. Social Sec. Admin.,* 544 F.3d 308, 310 (D.C. Cir. 2008). In May 2017, after dealing with countless similar filings, Judge Hinkle in the Northern District prospectively banned Plaintiff from filing new cases related to his January 4, 2002 arrest unless he paid the entire filing fee. *See Rolle v. Dilmore, et al.*, No. 4:16-cv-425-RH-GRJ (N.D. Fla. May 23, 2017). The Court submits that the same action should be taken here. If Defendant "wishes to continue wasting this Court's time [by filing] . . . his absurd and frivolous claims], he should have to do it on his own dime." *Hurt,* 544 F.3d at 310-311.

Accordingly, it is recommended that **Plaintiff's IFP privilege be revoked** and the Clerk be directed to refuse to accept any more of Plaintiff's filings related to his 2002 state court conviction and subsequent probation violation proceedings that are not accompanied by full payment of the appropriate filing fees.

### III.     Recommendation

For the reasons discussed above, Plaintiff's motion to proceed *in forma pauperis* should be **DENIED** and his Complaint should be dismissed as frivolous. In addition, Plaintiff's IFP privilege should be revoked and the Clerk should be directed to refuse to accept any more of Plaintiff's filings related to his 2002 state court conviction and subsequent probation violation proceedings that are not accompanied by full payment of the appropriate filing fees.

Recommended in Ocala, Florida on March 2, 2018.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy